IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                          ORDER

      v.                                        06-cr-180-bbc-1

TERRY HANSEN,

                Defendant.

---

A hearing on the probation office's petition for judicial review of supervised release in the case of Terry Hansen was scheduled to be held on June 6, 2018, before U.S. District Judge Barbara B. Crabb. The hearing was continued until June 13, 2018, when defendant decided to retain counsel rather than appear pro se. At the June 13, 2018 hearing, the government appeared by Assistant U.S. Attorney Laura A. Przybylinski Finn. Defendant was present in person and by counsel, Robert Ruth. Also present was Senior U.S. Probation Officer Melissa Lach.

At the hearing, the parties advised the court that they had agreed to ask the court to cancel the judicial review because defendant has agreed to submit to a polygraph examination. The parties agree that defendant is no longer subject to the special conditions of release imposed on him in May 2007, when he was sentenced in the Western District of Wisconsin following his conviction for distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), a Class C felony. The parties agree that defendant will be subject

instead to the special conditions of supervised release set forth in 18 U.S.C. § 3563(b) and § 3583(d), which have been established by policy of the United States Sentencing Commission policy statements in §§ 5B1.3 and 5D1.3.

Neither party has any objection to the following special conditions of supervised release, which will apply to defendant as of June 13, 2018.

| SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 1) **Defendant shall provide the supervising U.S. probation officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information used by defendant. This includes external and portable hard drives. The probation office is authorized to install applications to monitor any such devices owned or operated by defendant. Defendant is required to comply with the monitoring agreement and may not disable or circumvent any applications. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by defendant, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals based on reasonable suspicion of contraband or illegal activity. The examinations may involve removal of such equipment for the purpose of conducting examination.** | Based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by defendant. |
| 2) **Not possess any material containing sexually explicit conduct of minors as defined in 18 U.S.C. § 2256(8), including pictures, photographs, books, writings, drawings, videos, video games.** | Based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by defendant. |

| | | |
|---|---|---|
| 3) | **Not own, use or have access to the services of any commercial mail-receiving agency or open or maintain a post office box without the prior approval of the supervising U.S. probation officer.** | Based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by defendant. |
| 4) | **Not meet or spend time with any person under the age of 18 or have verbal, written, telephonic or electronic communication with any such person, except with the express permission of the minor's parent or legal guardian and the supervising U.S. probation officer. This provision does not include persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must deal in order to obtain ordinary and usual commercial services.** | Based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by defendant. |
| 5) | **Comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C §16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which defendant resides, works, is a student or was convicted of a qualifying offense.** | Based on the offense of conviction and the need to monitor defendant's compliance with local, state and federal laws. |
| 6) | **Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. probation officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.** | Based on the nature of the offense of conviction and the need to protect the public from further criminal activity perpetrated by defendant and the need to ensure the safety of the supervising U.S. probation officer. |
| 7) | **As approved by the supervising U.S. Probation Officer, undergo psychosexual evaluations which may involve use of polygraph** | Based on the offense of conviction and the need to protect the public from further criminal activity perpetrated by defendant. |

| | |
|---|---|
| examinations.  Defendant shall participate in an outpatient sex offender counseling program if recommended by the evaluator, which may involve the continued use of polygraph examinations.  Defendant's answers to questions by the treatment provider, probation officer and polygraph examiner shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. Defendant shall follow all treatment requirements and restrictions.  If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding.  Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.  Defendant shall allow reciprocal release of information between the supervising U.S. probation officer and the treatment provider. | |

Entered this 13th day of June, 2018.

BY THE COURT:

/s/

_____
Barbara B. Crabb
District Judge